1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 WAYNE SCOTT STEWART,                     Civil No.    08cv0324-W (CAB)

12                                Petitioner,

13            v.                             **ORDER REOPENING CASE AND**
                                             **SETTING BRIEFING SCHEDULE**
14 W. J. SULLIVAN, Warden,

15                                Respondent.

16

17

18        On February 19, 2008, Petitioner, proceeding pro se, submitted a Petition for Writ of

19 Habeas Corpus pursuant to 28 U.S.C. § 2254. [Doc. No. 1.]  In its February 25, 2008 Order,

20 the Court dismissed this case without prejudice because Petitioner failed to satisfy the filing

21 fee. [Doc. No. 3.]  Petitioner was instructed that to have this case reopened he had to satisfy

22 the filing fee, or provide adequate proof of his inability to pay the fee, no later than April 21,

23 2008.

24        On April 9, 2008, Petitioner paid the filing fee pursuant to this Court's Order.  Based

25 on this Court's review of the  Petition, the Court **ORDERS** that this case be reopened.

26 Further, in accordance with Rule 4 of the rules governing petitions for a writ of habeas

27 corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the  Petition, **IT IS**

28 **ORDERED** that:

1      1.      The Clerk of this Court shall promptly (a) serve a copy of the Petition and a

2    copy of this Order on the Attorney General for the State of California, or his authorized

3    agent; and (b) serve a copy of this Order on Petitioner.

4      2.      If Respondent contends the Petition can be decided without the Court's

5    reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has

6    failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that

7    the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal

8    under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally

9    defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss

10   pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **June 1, 2008**.  The

11   motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address

12   <u>all</u> grounds upon which Respondent contends dismissal without reaching the merits of

13   Petitioner's claims is warranted.[1]  At the time the motion to dismiss is filed, Respondent shall

14   lodge with the Court all records bearing on Respondent's contention in this regard.  A

15   hearing date is <u>not</u> required for the motion to dismiss.

16     3.      If Respondent files a motion to dismiss, Petitioner shall file his opposition, if

17   any, to the motion no later than **July 1, 2008**.  At the time the opposition is filed, Petitioner

18   shall lodge with the Court any records not lodged by Respondent which Petitioner believes

19   may be relevant to the Court's determination of the motion.

20     4.      Unless the Court orders otherwise, Respondent shall not file a reply to

21   Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford

22   Respondent adequate time to respond to Petitioner's claims on the merits.

23     5.      If Respondent does not contend that the Petition can be decided without the

24   Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to

25   the Petition, <u>as well as points and authorities in support of such answer</u>, no later than **June**

26   **16,  2008**.  At the time the answer is filed, Respondent shall lodge with the Court all records

27

28      [1]  If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

bearing on the merits of Petitioner's claims.  The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**."  Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry.  Each item shall be numbered separately and sequentially.

      6.     Petitioner may file a traverse to matters raised in the answer no later than **July 16, 2008**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

      7.     A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause.  Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

      8.     Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

      9.     Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel).  Any document delivered to the Court without a certificate of service will be returned to the submitting party and disregarded by the Court.

///

///

///

1       10.    Petitioner shall immediately notify the Court and counsel for Respondent of

2 any change of Petitioner's address.  If Petitioner fails to keep the Court informed of where

3 Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

4       **IT IS SO ORDERED.**

5

6 DATED:  April 14, 2008

7

8                                       **CATHY ANN BENCIVENGO**
                                      United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-