FILED

08 MAY -1 PM 4:43

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: \_\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE SCOTT STEWART,<br><br>                              Petitioner,<br>vs.<br>W. J. SULLIVAN, Warden,<br><br>                              Respondent. | Civil No.   08-0324 W (CAB)<br><br>**ORDER GRANTING MOTION FOR CHANGE OF VENUE [Doc. No. 8.]** |

On February 19, 2008, Petitioner, a state prisoner proceeding pro se, filed a habeas corpus action pursuant to 28 U.S.C. § 2254 attacking a conviction from the Superior Court of Los Angeles County, California. [Doc. No. 1.] This Court issued an Order dismissing the case on February 25, 2008, for Petitioner's failure to either pay the $5 filing fee or move to proceed in forma pauperis. [Doc. No. 3.]  On April 21, 2008, Respondent filed a Motion for Change of Venue. [Doc. No. 8.]  For the reasons stated below, the Court **GRANTS** Respondent's motion.

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973).  The application in the present matter attacks a conviction in the Superior Court of Los Angeles County, California, which is within the jurisdictional boundaries of the United States District Court for the Central District, Western Division. *See* 28 U.S.C. § 84(c)(2). Moreover, Petitioner is presently confined at the California

1  Correctional Institution, which is located in Kern County and is within the jurisdictional
2  boundaries of the United States District Court for the Eastern District of California. *See*
3  28 U.S.C. § 84(b). Thus, jurisdiction exists in the Central or Eastern District; and not in the
4  Southern District.

5  Although this Court does not have jurisdiction over the action, "[u]nder a provision of
6  the Federal Courts Improvement Act, 28 U.S.C. § 1631, if a court finds that there is a want of
7  jurisdiction the court shall transfer the action to any other such court in which the action could
8  have been brought 'if it is in the interest of justice.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th
9  Cir. 1990) (citing *In re McCauley*, 814 F.2d 1350, 1351-52 (9th Cir. 1987)). The Ninth Circuit
10 has held that transferring a habeas corpus proceeding to a district with proper jurisdiction will
11 be in the interest of justice because normally dismissal of an action that could be brought
12 elsewhere is "time-consuming and justice-defeating." *Miller*, 905 F.2d at 262 (quoting
13 *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962). Therefore, pursuant to 28 U.S.C. § 1631,
14 this Court may transfer this proceeding to a district with proper jurisdiction under 28 U.S.C.
15 § 2241(d).

16 When a habeas petitioner is challenging a state conviction, the district court of the district
17 in which a petitioner was convicted and sentenced is a more convenient forum because of the
18 accessibility of evidence, records and witnesses. Thus, it is generally the practice of the district
19 courts in California to transfer habeas actions challenging a state conviction to the district in
20 which the Petitioner was convicted. Any and all records, witnesses and evidence necessary for
21 the resolution of Petitioner's contentions are more readily available in Los Angeles County,
22 which is thus a more convenient forum. *See Braden*, 410 U.S. at 497, 499 n.15 (stating that a
23 court can, of course, transfer habeas cases to the district of conviction which is ordinarily a more
24 convenient forum); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968).
25 //
26 //
27 //
28 //
   //

1     Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
2 transfer this matter to the United States District Court for the Central District of California,
3 Western Division. *See* 28 U.S.C. § 2241(d). **IT IS FURTHER ORDERED** that the Clerk of
4 this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

6 DATED: 5/1/08

7                                                      Thomas J. Whelan
8                                           United States District Judge